ROGER V. MILES, Plaintiff, *v.* FRATERNAL ORDER OF EAGLES LODGE 544, Defendant.

City Court of the City of Middletown, Orange County, October 27, 1948.

*Abraham J. Weissman* for plaintiff.

*Martin Rosenblum* for defendant.

BALLMAN, J.  Plaintiff seeks to recover $650 being the balance due upon a written contract, dated April 29, 1946, whereby the plaintiff agreed to furnish a banquet for the Eagles Lodge convention on June 27, 1946.  By the terms of the contract, the plaintiff was to furnish the banquet for five hundred or less members for the sum of $1,250.  The contract, which was not prepared by an attorney, contains the following:  " The party of the first part does agree to furnish for this banquet all foods, dining equipment, waitresses, cooks, and dining hall, *and to serve same in a clean and courteous manner in accordance with the finest traditions of the Eagles Lodge.*"

The evidence of the plaintiff establishes that he was paid the sum of $600 on the execution of the contract.  Thereafter, he rented the Middletown State Armory as a dining hall and on the day in question, set up tables to accommodate between 550 and 600 members; that he employed 22 waitresses, one chef and three second cooks; provided all dining equipment, silverware and food; that he served approximately 258 turkey dinners in good banquet style; that no complaints were made to him and at the conclusion of the banquet he was given a check for $650; that the next morning he learned that payment upon the check had been stopped at the bank and for the first time he was apprised of the fact that the defendant claimed that the banquet had not been served in accordance with the contract.

The contention of the defendant was that the meal was not served in a clean and proper style and that the turkey was not prepared in a manner fit for human consumption.  To substantiate their claim, various representatives of the defendant, who attended the banquet, as well as several of the waitresses and one of the cooks employed by the plaintiff, testified as to their observations with respect to the manner of service, preparation of the food and general conduct of the banquet.  Their testimony may be generally summarized as follows: that paper table cloths were used instead of linen; that paper cups and plates were used instead of china or porcelain; that the tomato juice and salad were placed in these receptacles so far in advance of the main course that they seeped through and upon the table; that the silverware was tarnished and unsightly; that the main course consisting of roast turkey and vegetables was cold; that the turkey had a strong flavor and was not edible; that the turkeys had been roasted with some of the entrails contained therein and

that in their opinion the banquet had not been served in accordance with the finest traditions of the Eagles Lodge.

The issue as presented to the court for determination is whether this banquet was properly prepared, cooked and served. Such a dispute might have been more easily and better resolved by a jury of housewives rather than to test the culinary ability and experience of the court. However, it can be said at this point that the court is not a total stranger to the common and accepted practice used in the preparation of turkey dinners and their manner of service in banquet style. Counsel and the parties involved can rest assured that the conclusion reached in this decision resulted only after the application of the rules of law tempered with the court's honest opinion based upon his own experience about the kitchen.

It appears that a menu was agreed upon and submitted to the plaintiff but no express mention was made with respect to the linen, china or silverware. However, the plaintiff is chargeable with knowledge that the defendant was honored with a State convention of its delegates and that it desired to put its best foot forward in the entertainment of its guests. When plaintiff signed the contract which required that the banquet be served '' in accordance with the finest traditions of the Eagles Lodge '', he must have appreciated the desires and wishes of the defendant along these lines because plaintiff himself was a member of the local lodge. And too, it is implied that the food to be served would be appetizing and fit for human consumption. While some of the witnesses for the defendant are members of its lodge and interested, nevertheless, when their testimony is substantiated by some of the employees of the plaintiff, the court can hardly disregard their evidence. The testimony of the witness Walker and the witnesses Deneroy and Albright convinces the court that the food was not prepared in a proper manner and fit for human consumption. The plaintiff offered no testimony other than his own to counteract this proof and in applying the rules of credibility and interest, the court can hardly give much weight to unsupported testimony of the plaintiff, a person with a substantial criminal record, as against the testimony of the other witnesses.

The court concludes that the banquet was not prepared and served in the manner contemplated by the contract and to that end the plaintiff has failed to sustain the burden of proof that he duly performed all its conditions and provisions.

Judgment for the defendant dismissing the complaint upon the merits, together with the costs and disbursements of the action.